UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EQUAL OPPORTUNITY EMPLOYMENT COMMISSION,<br><br>Plaintiff,<br><br>JANE DOE, MAGDALENA SALDAÑA, MARIA GOMEZ, RAMIRO MORAN, and LESLIE SILVA,<br><br>Plaintiff-Intervenors,<br><br>v.<br><br>NATIONAL FOOD CORP.,<br><br>Defendant. | NO: 12-CV-0550-TOR<br><br>CONSENT DECREE |

## 1. NATURE OF THE ACTION

**1.1.** Jane Doe filed discrimination charge number 551-2010-01463 against National Food Corp. ("National Food") on August 20, 2010, with the U.S. Equal Employment Opportunity Commission (the "Commission"). Ms. Doe alleged that National Food subjected her to sexual harassment

and a hostile work environment, and then terminated her employment in retaliation for opposing the sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended.

**1.2.** The Commission investigated Ms. Doe's charge and discovered the related claims of Leslie Silva, Ramiro Moran, Magdalena Saldana, and Maria Gomez, alleging that National Food further violated Title VII by terminating their employment or causing their constructive discharge in retaliation for opposing the company's discriminatory practices.

**1.3.** Following its investigation, the Commission determined that there was reasonable cause to believe that National Food violated Title VII by sexually harassing Ms. Doe, and retaliating against Ms. Doe, Leslie Silva, Ramiro Moran, Magdalena Saldana, and Maria Gomez (collectively, the "Intervenors") in the terms and conditions of their employment for engaging in protected activity. The Commission sent notice of its determination to National Food on April 8, 2011, and May 8, 2012.

**1.4.** The Commission filed this lawsuit on behalf of the Intervenors against National Food on September 28, 2012, in the United States District Court for the Eastern District of Washington, alleging sexual harassment and retaliation.

**1.5.** In its answer filed on December 7, 2012, National Food denied the Commission's allegations.

**1.6.** In the interest of resolving this matter and recognizing the disruption, expense, and uncertainty of continued litigation, the parties wish to resolve this matter by entry of this Consent Decree. This Consent Decree fully and finally resolves all claims arising out of the Commission's complaint.

## 2. SCOPE OF SETTLEMENT

**2.1.** This Consent Decree is the final and complete resolution of all claims raised in the Commission's complaint against National Food on behalf of the Intervenors. Upon entry of this Consent Decree, the Commission's complaint shall be dismissed with prejudice, subject only to enforcement of this Consent Decree.

**2.2.** This Consent Decree is not an adjudication or finding on the merits of the case and may not be construed as an admission by National Food that it violated Title VII.

**2.3.** This Consent Decree shall encompass and apply to all National Food's officers and its employees, supervisors, and managers of its egg production facilities in Eastern Washington and South Dakota.

## 3. MONETARY RELIEF

**3.1.** National Food shall pay the Intervenors $650,000 ("The Settlement Amount") within 90 days of the parties' execution of this Consent Decree. The Commission and Intervenors shall allocate the funds between the Intervenors as they see fit. This allocation shall include specific amounts for wages and compensatory damages.

**3.2.** National Food shall not condition the Intervenors' receipt of monetary relief on their agreement to: (a) maintain as confidential the facts and allegations underlying Jane Doe's charge of discrimination, the Commission's complaint, or the terms of this Consent Decree; (b) waive their statutory right to file a charge with any government agency; or (c) enter a non-disparagement agreement.

**3.3.** National Food shall mail a copy of any check made payable to the Intervenors to the following address at the same time that payment is made to the Intervenors:

Jamal Whitehead
U.S. Equal Employment Opportunity Commission
Seattle Field Office
909 First Avenue, Suite 400
Seattle, WA 98104

## 4. INJUNCTIVE & OTHER RELIEF

**4.1. General Provisions**. National Food, its officers, agents, and its managers, assistant managers, and other supervisors at its egg production facilities in Eastern Washington and South Dakota are enjoined from engaging in practices which constitute harassment in violation of Title VII based on an employee or applicant's sex, or that constitute retaliation in violation of Title VII for an individual engaged in protected Equal Employment Opportunity ("EEO") activity. In recognition of its obligations under the Title VII, National Food shall institute the policies and practices set forth below at all of its facilities in Eastern Washington and South Dakota.

**4.2. Anti-Discrimination, Harassment, and Retaliation Policies**. Within 60 days of executing the Consent Decree, National Food shall issue a separate EEO policy and harassment policy:

(A) To include definitions of discriminatory harassment, with specific reference to harassment based on sex;

(B) To include examples to supplement the definitions of harassment based on sex;

(C) To provide for substantial discipline and corrective action for incidents of discriminatory harassment;

(D) To include strong non-retaliation language with examples to supplement the definition of retaliation;

(E) To provide for substantial discipline for incidents of retaliation;

(F) To provide that complaints of harassment or retaliation shall be accepted irrespective of whether they are made verbally or in writing;

(G) To explain that National Food shall conduct a prompt and thorough investigation after a complaint is made or received, shall adhere to its non-retaliation policy as to all individuals who so complain, and, where appropriate, shall take remedial action upon conclusion of an investigation; and

(H) To indicate that, promptly upon the conclusion of the investigation of a complaint, National Food shall communicate to the complaining party the results of the investigation and at least a general description of the remedial actions taken or proposed, if any.

**4.3. Language used in policies.** National Food shall ensure that all of its EEO policies and procedures, including those specifically referenced in this Consent Decree, are written in English and Spanish and readily available to all employees at its facilities in Eastern Washington and

South Dakota.

**4.4. Disseminating policies.** National Food shall disseminate its new or revised discrimination, harassment, and retaliation policies as described above at its egg production facilities in Eastern Washington and South Dakota by (a) distributing copies and orally reading, in the language principally used to communicate with each employee, the content of the policy to all current employees at its Eastern Washington and South Dakota facilities within 10 days of adopting the policies; (b) giving a copy of the policies to, and reviewing the policy with, all new employees at its Eastern Washington and South Dakota facilities upon hire.

**4.5. Complaint Procedures.** National Food shall institute complaint policies and procedures designed to encourage employees to come forward with complaints about alleged or suspected violations of its discrimination, harassment, and retaliation policies. These policies and procedures must provide employees with convenient, confidential or anonymous, and reliable mechanisms for reporting violations. These mechanisms must include an avenue for making complaints to National Food personnel other than the complaining employee’s immediate supervisor. National Food’s complaint policy must include an avenue to contact a bilingual person or bilingual complaint recipient who may be contacted about

complaints. National Food shall identify the names, responsibilities, work locations, and telephone numbers of any such individuals and post this information conspicuously at all of its facilities in Eastern Washington and South Dakota.

**(A)** ***Complaint Box.*** Also as part of its complaint procedure, National Food shall keep a Complaint Box at its egg production facilities in Eastern Washington and South Dakota in a place at each facility where employees tend to gather and that is not in a manager or supervisor's office. The upper management or HR employees charged with investigating complaints shall gather the complaints from the Complaint Box on a regular basis. In all other respects, National Food shall treat complaints received in the Complaint Box(es) as if they had been made in person.

**(B)** ***Toll-Free Number***. National Food shall create a toll-free reporting line that people may dial to leave messages reporting harassment, discrimination, or retaliation directly with National Food. This toll-free number must be included in all the materials describing National Food's harassment and retaliation policies and be posted conspicuously at all National Food egg production facilities in Eastern Washington and South Dakota. The pre-recorded greeting

on the reporting line must be in both English and Spanish and briefly explain National Food's complaint policies and procedures. National Food shall maintain a "complaint log," logging the calls received, including the date, time, and nature of the complaint. The complaint log shall be maintained throughout the duration of this Consent Decree and a copy shall be provided to the EEOC as set forth in paragraph 4.16(B)(5) below. In all other respects, National Food shall treat complaints received on the toll-free reporting line as if they had been made in person.

**(C)** ***Interviews.*** National Food shall ensure that it interviews complaining employees about their complaints in an inconspicuous manner to allow the complaining employee to remain unknown to other employees in their work area. National Food's complaint procedure must not impose upon employees seeking to make a complaint alleging discrimination, harassment, or retaliation any requirements that are more burdensome than those imposed upon employees making complaints of comparable gravity, such as complaints about workplace safety.

**(D)** ***Prompt Investigations.*** National Food shall ensure that its policies and procedures provide that complaint handling and disciplinary

procedures regarding all complaints of discrimination, harassment, or retaliation shall be investigated and addressed promptly. Specifically, National Food shall endeavor to investigate all complaints of discrimination, harassment, or retaliation within one (1) week of receipt and finish the investigation as soon thereafter as is reasonably possible under the circumstances. National Food shall further make its best efforts to prepare written findings of the results of each investigation and the remedial actions proposed within one (1) week of completing its investigation, and shall promptly communicate to the complaining party the results of the investigation and remedial actions taken or proposed, if any. If the investigation is the result of an anonymous complaint filed in the Complaint Box, National Food shall only be obligated to notify affected parties, to the extent they are known, of the result of the investigation and remedial actions taken or proposed, if any.

**4.6. Policies Promoting Supervisor Accountability.** National Food shall implement a discipline policy designed to stop any unlawful discrimination, harassment, and retaliation, including the following elements. The policy should provide for discipline up to and including suspension without pay, demotion, or termination of any employee,

including supervisors or managers, who engages in discrimination, harassment, or retaliation. National Food shall communicate this policy to all of its employees at its egg production facilities in Eastern Washington and South Dakota.

**(A)** ***Supervisor's Monitoring Duties.*** National Food shall advise its managers and supervisors at its egg production facilities in Eastern Washington and South Dakota of their duty to actively monitor their work areas to ensure employees' compliance with the company's EEO policies, and to report any incidents or complaints of discrimination, harassment, or retaliation of which they become aware to the National Food employees responsible for handling such complaints.

**(B)** ***Supervisor Qualifications and Performance Standards.*** National Food must, in evaluating the performance and determining compensation of managers and supervisors, take into account how supervisors and managers handle equal employment opportunity ("EEO") issues, and link such evaluations to any supervisor or management promotion and compensation decisions (e.g., bonuses, salary). National Food shall consider "commitment to equal employment opportunity" as a qualification standard for

supervisory or management positions.

**4.7. EEO Training for Supervisors & Managers.** Within 60 days of executing the Consent Decree, National Food shall provide its officers, managers, and supervisors at its egg production facilities in Eastern Washington and South Dakota, with no less than 1.5 hours of face-to-face training by a qualified trainer on harassment, employment discrimination, and retaliation for engaging in protected EEO activity. Training attendance is mandatory, but National Food shall provide a makeup session(s) with a recording of the content of the live session for those who did not attend the live session. The makeup session(s) must include a live, face-to-face question and answer period after the video is shown. *These training requirements must be completed annually for the duration of this Consent Decree*. Additional training requirements include:

**(A)** ***Investigative Training.*** National Food shall provide specific training concerning techniques for investigating complaints of discrimination to all persons responsible for handling such complaints.

**4.8. New Employee Training.** All new employees at facilities in Eastern Washington and South Dakota shall view the EEO training video

described in paragraph 4.7 as part of their new hire orientation.

**4.9. Trainer & Training Materials.** National Food shall identify for the Commission any prospective trainer, educator, consultant, or other person retained to conduct the EEO training discussed above at least 14 days before the training and shall forward the Commission a copy of the training materials and syllabus.

**4.10. Spanish Interpreters.** For all training required under this Consent Decree, National Food shall provide a Spanish interpretation or Spanish-to-English interpreter so that all employees may understand their rights and responsibilities under the law.

**4.11. Employee Acknowledgement.** National Food shall require all officers, managers, supervisors, and employees at its facilities in Eastern Washington and South Dakota to sign a written acknowledgement, which National Food shall place in their personnel files, stating that they received the required training discussed in paragraphs 4.7 and 4.8.

**4.12. EEO Assessment.** All training discussed above in paragraph 4.7 must begin with an initial assessment conducted by the retained educators or consultants and may include a broad review of National Food's business operations to tailor the training to the company's particular circumstances. This assessment may result in policy or training

recommendations beyond those required by this Consent Decree, which National Food should implement. National Food shall bear all costs associated with any assessment or training required by this Consent Decree.

**4.13. Employee Records Expungement & Positive Employment Reference.** National Food shall remove all references, if any, to any charge or allegation of discrimination against National Food and this lawsuit from the Intervenors' personnel files. National Food may not disclose any information or refer to any charge of discrimination or this lawsuit in responding to requests for information about the Intervenors. When fielding inquiries about the Intervenors, National Food shall provide a neutral job reference consisting of employment dates and positions held and shall not discuss the reasons for the Intervenors' job separations.

**4.14. Letter of Apology.** National Food shall provide each Intervenor with a letter of apology signed by the company's president within 14 days of executing this Consent Decree.

**4.15. Larry Wippert.** National Food shall not rehire Larry Wippert in any capacity.

**4.16. Reporting**. National Food shall report to the Commission for a period of four (4) years, which shall run from the date on which the United States

District Court for the Eastern District of Washington enters this Consent Decree. The reports must be in writing and submitted on an annual basis during the four-year reporting period, with the first of such reports being completed no later than six months after the Court enters the Consent Decree. The reports must include the following elements:

**(A)** ***Certifications.*** As part of each annual report, National Food shall certify that it has:

(1) Maintained written EEO policies and procedures and distributed copies of its EEO policies to all current employees and all newly hired employees, as described in paragraphs 4.2-4.4, and to all supervisors and managers during the annual training described in paragraph 4.7;

(2) Complied with the training provisions enumerated in this Consent Decree, as provided in paragraphs 4.7-4.12;

(3) Continued to promote policies and procedures to promote EEO accountability by managers and supervisors, as required by paragraph 4.6;

(4) Complied with all other provisions of this Consent Decree.

**(B)** ***Copies of Documents.*** As part of each annual report, National Food shall attach copies of the following documents:

(1) A copy of National Food's EEO policy and procedures developed and implemented in accordance with the provisions of this Consent Decree;

(2) A list of any changes, modifications, revocations or revisions, if any, to EEO policies and procedures, concerning or affecting National Food's harassment, discrimination, and retaliation policies;

(3) A summary of internal formal or informal discrimination or retaliation complaints, if any, filed by employees in the egg production facilities in Eastern Washington and South Dakota and the resolution of each such complaint, identifying the complaining party by name (if known), the alleged discriminator/harasser/retaliator by name, the nature of the complaint and indicate what actions, if any, National Food took in response;

(4) A sign-in sheet or list of names and job titles of the managers, supervisors, and officers who completed EEO training, as described in paragraph 4.7, and the date(s) the training was conducted;

(5) A copy of the complaint log as explained above in paragraph

4.5(B).

**(C)** ***Statement of Noncompliance*.** If applicable, National Food shall submit a statement with its annual report identifying any area(s) of noncompliance with the Consent Decree, the reason for noncompliance, and the steps that National Food shall take to comply with the terms of the Consent Decree.

**4.17. Posting**. National Food shall post the notice (English and Spanish versions) attached to this Consent Decree as Exhibit A on a centrally located bulletin board at National Food's egg production facilities in Eastern Washington and South Dakota for the duration of the Consent Decree. On the first payday following execution of this Consent Decree, National Food shall attach a copy of this notice to each employee's paycheck at the egg production facilities in Eastern Washington and South Dakota.

## 5. SUCCESSOR LIABILITY

**5.1.** Any business successor to National Food shall be held liable for the alleged discriminatory practices of its predecessor. To ensure that the obligations imposed by the Consent Decree are carried out in the event of a transfer in ownership of National Food, or a transfer of all or a portion of its assets, National Food shall provide prior written notice to any

potential purchaser of defendant's business, or a purchaser of all or a portion of National Food’s assets, and to any other potential successor, of the Commission’s lawsuit, the allegations raised in the Commission's complaint, and the existence and contents of the settlement.

## 6. DISPUTE RESOLUTION

**6.1.** If the Commission determines that National Food has failed to comply fully with the terms of this Consent Decree, the Commission shall notify National Food of the alleged breach and provide it an opportunity to remedy the breach. The Commission may petition the Court for enforcement of this Consent Decree no sooner than 14-calendar days after notifying National Food of the alleged breach. The Commission may seek immediate enforcement, however, in situations where a 14-day delay in enforcing the Consent Decree may cause harm to the Commission or the Intervenors.

## 7. RETENTION OF JURISDICTION

**7.1.** The United States District Court for the Eastern District of Washington shall retain jurisdiction over this matter to enforce the Consent Decree.

//

//

//

## 8. DURATION OF CONSENT DECREE

**8.1.** This Consent Decree shall be in effect for four (4) years from the date the Court enters the Consent Decree. If the Commission petitions the Court for breach of this Consent Decree, and the Court finds that National Food violated its terms, the Court may extend the duration of this Consent Decree.

**IT IS SO ORDERED.**

The District Court Executive is hereby directed to enter this Consent Decree and provide copies to counsel.

**DATED** May 15, 2013.




THOMAS O. RICE
United States District Judge